UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

THOMAS ALLAN SCHRAM,

        Petitioner,

v.                                   Case No. 2:05-cv-174
                                   HON. RICHARD A. ENSLEN

JERI-ANN SHERRY,

        Respondent.

_____/

## REPORT AND RECOMMENDATION

        Petitioner  filed this petition for writ of habeas corpus challenging the validity of his conviction.  Petitioner was convicted of first-degree and second-degree criminal sexual conduct (CSC), and on April 11, 2003, was sentenced to incarceration for terms of 10 to 22 years and 71 months to 15 years.  Petitioner maintains that his conviction was obtained in violation of his federal rights.  Respondent has filed an answer and has complied with Rule 5 of the Rules Governing Section 2254 Cases in the United States District Courts.  The parties have briefed the issues and the matter is now ready for decision.  In accordance with 28 U.S.C. § 636(b), authorizing United States Magistrate Judges to submit proposed findings of fact and recommendations for disposition of prisoner petitions, I am recommending that this petition for writ of habeas corpus be denied.

        Petitioner worked as a nurse in the mental health unit of Lockwood Hospital.  The unit is a locked-down facility.  The victim was a patient at the facility and Petitioner was one of three nurses assigned to her.  According to the victim's testimony, Petitioner beckoned her into the facility's television room where he grabbed and kissed her.  The victim pushed Petitioner away and asked whether he was afraid of getting caught.  A few days later, in the victim's private bathroom,

Petitioner fondled her breasts, placed her hand on his genitals, and digitally penetrated her. The victim again pushed Petitioner away and told him to go home. The prosecution also presented the testimony of two witnesses alleging assaults by Petitioner at the Lockwood Mental Health Unit. Petitioner was convicted and appealed. The Michigan Court of Appeals affirmed Petitioner's conviction.

Pursuant to the AEDPA, an application for writ of habeas corpus on behalf of a person who is incarcerated pursuant to a state conviction cannot be granted with respect to any claim that was adjudicated on the merits in state court unless the adjudication: "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based upon an unreasonable determination of the facts in light of the evidence presented in the state court proceeding." 28 U.S.C. § 2254(d).

The AEDPA limits the source of law to cases decided by the United States Supreme Court. 28 U.S.C. § 2254(d). This provision marks a "significant change" and prevents the district court from looking to lower federal court decisions in determining whether the state decision is contrary to, or an unreasonable application of, clearly established federal law. *Herbert v. Billy*, 160 F.3d 1131, 1134 (6th Cir. 1998). To justify a grant of habeas corpus relief under this provision of the AEDPA, a federal court must find a violation of law "clearly established" by holdings of the Supreme Court, as opposed to its dicta, as of the time of the relevant state court decision. *Williams v. Taylor*, 529 U.S. 362, 412 (2000). Recently, the Supreme Court held that a decision of the state court is "contrary to" such clearly established federal law "if the state court arrives at a conclusion opposite to that reached by this Court on a question of law or if the state court decides a case differently than this Court has on a set of materially indistinguishable facts." *Id.* A state court

decision will be deemed an "unreasonable application" of clearly established federal law "if the state court identifies the correct governing legal principle from this Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." *Id.* A federal habeas court may not find a state adjudication to be "unreasonable" "simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." *Id.* at 412. Rather, the application must also be "unreasonable." *Id.* Further, the habeas court should not transform the inquiry into a subjective one by inquiring whether all reasonable jurists would agree that the application by the state court was unreasonable. *Id.* at 410 (disavowing *Drinkard v. Johnson*, 97 F.3d 751, 769 (5th Cir. 1996)). Rather, the issue is whether the state court's application of clearly established federal law is "objectively unreasonable." *Williams*, 529 U.S. at 409.

The AEDPA requires heightened respect for state factual findings. *Herbert v. Billy*, 160 F.3d 1131, 1134 (6th Cir. 1998). The habeas corpus statute has long provided that the factual findings of the state courts, made after a hearing, are entitled to a presumption of correctness. This presumption has always been accorded to findings of state appellate courts, as well as the trial court. *See Sumner v. Mata*, 449 U.S. 539, 546 (1981); *Smith v. Jago*, 888 F.2d 399, 407 n.4 (6th Cir. 1989), *cert. denied*, 495 U.S. 961 (1990). Under the AEDPA, a determination of a factual issue made by a state court is presumed to be correct. The petitioner has the burden of rebutting the presumption of correctness by clear and convincing evidence. 28 U.S.C. § 2254(e)(1); *see also Warren v. Smith*, 161 F.3d 358, 360-61 (6th Cir. 1998), *cert. denied*, 527 U.S. 1040 (1999).

Petitioner first claims that there was insufficient evidence presented at trial to convict him. Petitioner was convicted pursuant to MCL 750.520(b) and MCL 750.520(c). MCL 750.520(b) reads in pertinent part:

> (1) A person is guilty of criminal sexual conduct in the first degree if he or she engages in sexual penetration with another person and if any of the following circumstances exists:
>
> * * *
>
> (h) That other person is mentally incapable, mentally disabled, mentally incapacitated, or physically helpless, and any of the following:
>
> * * *
>
> (ii) The actor is in a position of authority over the victim and used this authority to coerce the victim to submit.

MCL 750.520(c) contains similar provisions for second-degree CSC.

Petitioner claims that because the victim resisted the sexual acts, she did not submit. Petitioner contends that if there was no submission, there could therefore be no "coercion" as the term is used in MCL 750.520(b) and MCL 750.520(c). This would mean that the evidence presented at trial would be insufficient to support his conviction on either charge.

A federal court sitting in habeas corpus review of a state criminal trial is to determine whether there was sufficient evidence of the essential elements of the crime to justify *any* rational trier of fact to find guilt beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 319 (1979). The evidence is to be considered in the light most favorable to the prosecution. *Id.* It is clear that the evidence was sufficient to establish that petitioner committed the crime. The Michigan Court of Appeals decision was not contrary to, or involve an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States; or did not result in a decision that was based upon an unreasonable determination of the facts in light of the evidence presented in the state court proceeding.

- 4 -

Petitioner's interpretation of the word "coerce" includes actual submission by the victim as a component of coercion.  This would mean that any resistance by a victim would preclude a conviction.  However, this interpretation is predicated on a implied reading that the "coercion" be successful, i.e. it in fact causes submission.  The focus of the statutory provision is not on the success or failure of the coercion to produce its desired effect.  Rather, the statutory provision is addressed to the aggravating factor of the defendant's conduct:  his/her improper use of authority to complete an assault on a person especially vulnerable to that authority.  The statute is not addressed to any action or failure to act on the part of the victim.  This reasoning is borne out by the conclusion reached by the Court of Appeals in this case:  "Coercion [ ] can be effectuated not only by force, but also by a misuse of authority, intimidation, fear and control."  (Michigan Court of Appeals Opinion, Docket No. 248103, pp 2-3).  Here, Petitioner's position of authority relative to the victim was a necessary precondition for him to complete the assault.  It gave Petitioner access to the victim in her private bathroom, where the assault took place.  It similarly prevented her from leaving his presence.  As noted by the Court of Appeals, "Lockwood Hospital is a locked-down mental health facility. [The victim] was not free to leave the hospital and avoid defendant's improper and assaultive behavior.  Defendant assaulted [the victim] *by using his authority* to exploit her confinement and emotional vulnerability."  *Id.*  (Emphasis added).

Petitioner's case presented the first opportunity for the Michigan Court of Appeals to discuss the meaning of "coerce" as used in MCL 750.520.  While it is possible that reasonable minds could differ as to the specific meaning of coerce as it is used in the pertinent section, the Court of Appeals interpreted "coerce" to include circumstances where there is contemporaneous or subsequent resistance to the assault. Habeas relief may not be premised on a perceived error of state law. *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991); *see also Oveido v. Jago*, 820 F.2d 326, 328 (6th

Cir. 1987).  This court should not contradict the statutory interpretation of the Court of Appeals, unless such interpretation was itself "contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States."  28 U.S.C. § 2254(d). Because the interpretation of the Michigan Court of Appeals does not contradict clearly established federal law, that interpretation controls here.

Finally, the record also indicates that the victim did not successfully resist Petitioner's assault until after the first-degree and second-degree CSC had been completed.  Eeven under Petitioner's interpretation of MCL 750.520, there was still sufficient evidence presented at trial for a rational trier of fact to find him guilty of the offenses.  Therefore, it is recommended that the petition be denied as to Petitioner's insufficiency of evidence claim.

Petitioner next claims that the trial judge inaccurately considered the statutory guidelines in determining Petitioner's sentence.  Petitioner argues that the trial court erred when it scored his sentencing variables without an express jury finding on those variables.  Generally, errors in sentencing do not present a federal issue cognizable in habeas corpus proceedings.  *See Johnson v. Arizona*, 462 F.2d 1352 (9th Cir. 1972); *Pringle v. Beto*, 424 F.2d 515 (5th Cir. 1970).  To the extent Petitioner challenges the correctness of his sentence on the basis of state law, Petitioner is not entitled to habeas review unless there has been a fundamental miscarriage of justice.  *See Bagby v. Sowders*, 894 F.2d 792 (6th Cir.), *cert. denied*, 496 U.S. 929 (1990).

Furthermore, first-degree CSC under MCL 750.520(b) provides for punishment by incarceration for life or any term of years.  Second-degree CSC under MCL 750.520(c) is punishable by up to 15 years incarceration.  Petitioner was sentenced to 10 to 22 years for first-degree CSC, and 71 months to 15 years for second-degree CSC. Therefore, petitioner has not set forth a federal

question because his sentences were imposed within the state statutory limit. *Haynes v. Butler*, 825 F.2d 921, 923-24 (5th Cir. 1987), *cert. denied*, 484 U.S. 1014 (1988).

> [A] state trial court's sentencing decision and claims arising out of the decision are not generally constitutionally cognizable, relief may be required where the petitioner is able to show that the sentence imposed exceeds or is outside the statutory limits, or is wholly unauthorized by law. *E.G., Bozza v. United States*, 330 U.S. 160, 166, 67 S.Ct. 645, 648-49, 91 L.Ed. 8181 (1947); *United States v. Jackson*, 696 F.2d 320, 321 (5th Cir. 1983); *Willeford v. Estelle*, 538 F.2d 1194, 1196-97 (5th Cir. 1976). If the sentence is within the statutory limits, the petitioner must show that the sentencing decision was wholly devoid of discretion or amounted to an "arbitrary or capricious abuse of discretion," or that an error of law resulted in the improper exercise of the sentence's discretion and thereby deprived petitioner of his liberty.

*Id.* at 923-24.

Petitioner's sentence does not exceed the statutory limit nor has Petitioner shown that the sentence amounted to an arbitrary and capricious abuse of discretion. Petitioner relies on *Blakely v. Washington*, 542 U.S. 296 (2004), arguing that any increase in a sentence imposed based on facts not submitted to a jury is unconstitutional. However, the issue presented in *Blakely* was the constitutionality of a statute which set out a guideline range of sentences, but permitted a court to impose a sentence in excess of those guidelines based on facts not submitted to a jury. In Michigan, a court does not have the authority to exceed the statutorily authorized sentence, and the sentences imposed here by the trial court do not exceed the statutorily authorized ranges. Therefore, *Blakely* is not applicable.

In summary, the undersigned concludes that Petitioner's claims are without merit and therefore recommends that this Court dismiss the petition with prejudice.

In addition, if Petitioner should choose to appeal this action, I recommend that a certificate of appealability be denied as to each issue raised by the Petitioner in this application for

habeas corpus relief.  Under 28 U.S.C. § 2253(c)(2), the court must determine whether a certificate of appealability should be granted.  A certificate should issue if Petitioner has demonstrated a "substantial showing of a denial of a constitutional right."  28 U.S.C. § 2253(c)(2).

The Sixth Circuit Court of Appeals has disapproved issuance of blanket denials of a certificate of appealability.  *Murphy v. Ohio*, 263 F.3d 466 (6th Cir. 2001).  Rather, the district court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted.  *Id.*  Each issue must be considered under the standards set forth by the Supreme Court in *Slack v. McDaniel*, 529 U.S. 473 (2000).  *Murphy*, 263 F.3d at 467.  Consequently, the undersigned has examined each of Petitioner's claims under the *Slack* standard.

Under *Slack*, 529 U.S. at 484, to warrant a grant of the certificate, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong."  The undersigned concludes that reasonable jurists could not find that a dismissal of each of Petitioner's claims was debatable or wrong. It is not debatable that the Michigan Court of Appeals' interpretation of the word "coerce" controls. It is also not debatable that it was reasonable for the state courts to conclude there was sufficient evidence presented at trial for the jury to have found coercion in this case: Petitioner was the nurse in charge of the victim and knew her daily hospital routine and her psychological vulnerabilities, and the assault occurred in a lock-down facility where the victim was not free to leave. Finally, reasonable jurists would not find it debatable that the trial court sentenced Petitioner to terms of years within the statutory guidelines and that no additional factual findings were necessary to make this determination. Therefore, the undersigned recommends that the court deny Petitioner a certificate of appealability.

NOTICE TO PARTIES:  Objections to this Report and Recommendation must be served on opposing parties and filed with the Clerk of the Court within ten (10) days of receipt of this Report and Recommendation.  28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b); W.D. Mich. LCivR 72.3(b).  Failure to file timely objections constitutes a waiver of any further right to appeal. *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).  *See also Thomas v. Arn*, 474 U.S. 140 (1985).

 /s/ Timothy P. Greeley
TIMOTHY P. GREELEY
UNITED STATES MAGISTRATE JUDGE

Dated:   August 8, 2007