UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

_____

THOMAS ALAN SCHRAM,

        Petitioner,

Case No. 2:05-CV-174

v.

Hon. Richard Alan Enslen

JERI-ANN SHERRY,

**<u>FINAL ORDER</u>**

        Respondent.

_____/

    This matter is before the Court on Petitioner Thomas Alan Schram's Objections to the Report and Recommendation of August 8, 2007 by United States Magistrate Judge Timothy P. Greeley. Magistrate Judge Greeley has recommended that habeas corpus relief be denied Petitioner. The Court now reviews the Objections, Report and Recommendation and pertinent parts of the record *de novo* in accordance with 28 U.S.C. § 636(b).

    Upon such review, the Court determines that the Report and Recommendation should be adopted with a single clerical modification.[1] Petitioner argues in his Objections that there was insufficient evidence of his guilt in the state trial proceedings, and that the complaining victim lied and mis-characterized a long-term, welcomed sexual relationship as non-consensual sexual assaults after they ended their illicit patient-nurse sexual relationship. Notwithstanding such argument, the controlling legal standards under *Jackson v. Virginia*, 443 U.S. 307, 319 (1979), and later precedent regarding a sufficiency of evidence Due Process challenge, do not permit relief. *See also Riley v. Berghuis*, 481 F.3d 315, 321 (6th Cir. 2007). The *Jackson* holding expressly recognized that it is

---

[1] The word "Even" on the first full paragraph of page 6, line 2 is misspelled as "Eeven" and should be correctly spelled.

outside of the province of the district court to weigh the conflicting testimony of witnesses. *Jackson*, 443 U.S. at 319. Petitioner's argument offends this principle. It also asks this Court, implicitly if not explicitly, to adopt a different state law construction of the statutory term "coerce." (*See* Report 5.) Such a request is not a proper basis for federal habeas relief. *See* 28 U.S.C. § 2254(d); *see also Sanford v. Yukins* 288 F.3d 855, 862 (6th Cir. 2002). As such, habeas relief is properly denied.

Pursuant to 28 U.S.C. § 2253, the Court must also assess whether to grant the issuance of a certificate of appealability to Peitioner. *See Castro v. United States*, 310 F.3d 900, 903 (6th Cir. 2002) (holding that § 2253 analysis may be done at the time the claim for relief is determined). Under the statute and the United States Supreme Court's determinations in *Slack v. McDaniel,* 529 U.S. 473, 483-84 (2000) and *Barefoot v. Estelle,* 463 U.S. 880, 893 & n. 4 (1983), a certificate is to be issued if the resolution of the petition is debatable among reasonable jurists or adequate to deserve encouragement for some other reason. Upon review of the issues raised, the Court determines that this standard is not met as to any of the claims for relief asserted. As such, a certificate will be denied.

**THEREFORE, IT IS HEREBY ORDERED** Petitioner Thomas Alan Schram's Objections (Dkt. No. 46) are **DENIED**, the Report and Recommendation (Dkt. No. 45) is **ADOPTED as modified**, Petitioner's Petition for Writ of Habeas Corpus (Dkt. No. 1) is **DENIED WITH PREJUDICE**, and a certificate of appealability is **DENIED** as to all claims asserted.

DATED in Kalamazoo, MI:  /s/ Richard Alan Enslen
    August 28, 2007  RICHARD ALAN ENSLEN
  SENIOR UNITED STATES DISTRICT JUDGE